IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00197-MEH

NINA KAZAZIAN,

 Plaintiff,

v.

VAIL RESORTS, INC., and
VAIL CORPORATION, INC.,

 Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

 Defendant The Vail Corporation ("TVC") seeks to dismiss Plaintiff Nina Kazazian's second cause of action for violations of the Fair Labor Standards Act ("FLSA") and the Colorado Minimum Wage Act ("CMWA"). Ms. Kazazian bases her claim on TVC's failure to pay the required minimum wage, and separately, TVC's payment of an inadequate wage based on the cost of living. I first find that, apart from the minimum wage requirement, Colo. Rev. Stat. § 8-6-104 does not create a private right of action to sue employers for providing an inadequate wage. I then find that Ms. Kazazian fails to assert sufficient factual allegations to support her minimum wage claims. Accordingly, I grant TVC's Motion to Dismiss Plaintiff's Second Claim for Relief. However, to the extent Ms. Kazazian is able to assert good faith allegations correcting this pleading deficiency, I will permit her to file an amended complaint.

 Defendant Vail Resorts, Inc. ("VRI") separately seeks dismissal of Ms. Kazazian's claims in their entirety. I agree with VRI that Ms. Kazazian fails to allege facts supporting a finding that

VRI was her employer under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII, the FLSA, and the CMWA. Additionally, Ms. Kazazian does not allege that VRI was the plan administrator of her employee benefits plans, as is required to state a claim under the Employee Retirement Income Security Act ("ERISA"). Therefore, I find that Ms. Kazazian fails to state a claim against VRI. However, because it appears the Ms. Kazazian may be able to correct at least some of these deficiencies through a simple amendment, I grant her leave to file an amended complaint.

## BACKGROUND

**I.     Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Ms. Kazazian in her Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6).[1]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ms. Kazazian worked as a ski instructor at Defendants' ski resorts from January 2008 to May 2016. Am. Compl. ¶ 10, ECF No. 53. In February 2013, Ms. Kazazian informed her direct supervisor, Janet Lawrence, that she had a disability requiring intermittent leave. *Id.* ¶ 14. Ms. Lawrence did not indicate that this would be a problem. *Id.* Then, On April 1, 2013, Ms. Kazazian fell at work while walking to her locker room. *Id.* ¶ 15. Because this caused Ms. Kazazian to be unable to work for the rest of the season, she filed a workers' compensation claim. *Id.*

Ms. Kazazian resumed working the following season. *Id.* ¶ 16. In March 2014, Ms.

---

[1] Although Defendants filed their motions to dismiss in response to Ms. Kazazian's original Complaint, the Amended Complaint only substitutes a pseudonym for Ms. Kazazian's true name. As a result, I stated that I would consider the fully briefed motions as if they were filed in response to the Amended Complaint. ECF No. 54.

2

Kazazian received a performance plan regarding timeliness. *Id.* Ms. Kazazian informed her supervisor that the timeliness issues were a symptom of her disability. *Id.* By the end of the 2014–2015 season, Ms. Kazazian's supervisor told her that her timeliness was no longer an issue, and she was taken off the performance plan. *Id.* ¶ 21.

In February 2015, Ms. Kazazian informed Defendants that they overcharged her for COBRA premiums she paid in 2014. *Id.* ¶ 34. Although Defendants admitted that they owed Ms. Kazazian more than $1,200.00, Defendants have not paid her these funds. *Id.*

In August 2015, Ms. Kazazian learned that she had permanent hearing loss as a result of her workplace injury in April 2013, and she notified her employer that she was seeking additional benefits under the Colorado Worker's Compensation Act. *Id.* ¶ 22. In September, Ms. Kazazian received her performance review for the 2014–2015 season. *Id.* ¶ 23. The review stated that because Ms. Kazazian refused to work certain holidays and had other performance related issues, she would be rehired only as a part-time instructor for the 2015–2016 season. *Id.* ¶ 24.

In October 2015, Ms. Kazazian applied for several open full-time positions at Defendants' resorts, including mountain counsel, contract counsel, litigation counsel, lunchroom monitor, and Star Rider. *Id.* ¶ 26. She was not interviewed for any of the positions. *Id.* As a result, Ms. Kazazian filed a charge of discrimination with the EEOC. *Id.* ¶ 27.

Beginning shortly after Ms. Kazazian filed her EEOC complaint, and continuing through April 2016, Ms. Kazazian was not assigned any private lessons and was told not to come to work on multiple occasions. *Id.* ¶¶ 29–31. When Ms. Kazazian complained, Ms. Lawrence further reduced Ms. Kazazian's schedule to holidays only. *Id.* ¶¶ 32–33.

In May 2016, Ms. Kazazian was informed that she would not be rehired as a ski instructor

for the following season.[2] *Id.* ¶ 36. Additionally, she was designated as "ineligible for rehire." *Id.* When Ms. Kazazian opposed the decision, Ms. Lawrence stated that although the performance evaluation contained incorrect statements, she could not alter Ms. Kazazian's designation. *Id.* ¶ 38.

## II. Procedural History

Proceeding pro se, Ms. Kazazian filed the present case on January 25, 2018.[3] Compl., ECF No. 1. Although Ms. Kazazian initially filed this case under a pseudonym, I denied her motion to proceed anonymously. Order on Mot. to Proceed Anonymously, ECF No. 32. As a result, Ms. Kazazian filed the operative Amended Complaint to include her true name. Am. Compl., ECF No. 53. Ms. Kazazian asserts three causes of action: (1) discrimination, (2) violations of the FLSA and CMWA, and (3) a violation of ERISA. *Id.* ¶¶ 39–77. Relevant here, Ms. Kazazian's second claim contends Defendants violated the FLSA and CMWA by failing to pay her the minimum wage. *Id.* ¶ 51. Additionally, Ms. Kazazian claims Defendants violated Colo. Rev. Stat. § 8-6-104 by paying her a wage that was "inadequate to supply the necessary cost of living and to maintain [her] health," regardless of whether it was in compliance with the state-mandated minimum wage. *Id.* ¶¶ 53–55.

On March 7, 2018, TVC responded to Ms. Kazazian's allegations through the present Motion to Dismiss. TVC's Mot. to Dismiss, ECF No. 19. TVC contends that Ms. Kazazian's second cause

---

[2] Although Ms. Kazazian actually pleads that this happened in 2015, I infer that this is a typographical error. Indeed, Ms. Kazazian alleges she worked for Defendants in 2016.

[3] Although Ms. Kazazian proceeds pro se in the present case, she is a licensed attorney in Colorado. "[A] plaintiff's 'status as a licensed attorney reduces the deference to which he is entitled as a *pro se* litigant.'" *Smith v. United States*, No. 13-cv-01156-MSK-KLM, 2013 WL 6406263, at *1 (D. Colo. Sept. 19, 2013) (quoting *Baldwin v. United States*, No. 11–cv–02033–MSK–KLM, 2012 WL 7051296, at *1 n.1 (D. Colo. Sept. 17, 2012)); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir.1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration.").

4

of action fails to state a claim, because Ms. Kazazian does not allege facts showing TVC failed to pay her the minimum wage. TVC's Mot. to Dismiss 3–4. Furthermore, TVC asserts the CMWA does not create a private right of action against employers for paying an inadequate wage greater than the minimum wage. *Id.* at 4–5. In response, Ms. Kazazian contends her allegation that "Defendant failed to pay Plaintiff [the] minimum wage for all hours worked by the Plaintiff in one or more weeks," is sufficient to state FLSA and CMWA claims. Resp. to TVC's Mot. to Dismiss 3, ECF No. 34. Further, Ms. Kazazian argues that TVC cites no authority supporting a finding that the CMWA does not create a private right of action for inadequate wages in excess of the minimum wage. *Id.* at 4–5. Ms. Kazazian seeks leave to file an amended complaint in the event I find her allegations insufficient. *Id.* at 5–6. TVC filed a reply brief on April 30, 2018. Reply in Supp. of TVC's Mot. to Dismiss, ECF No. 42.

VRI responded to the Complaint by submitting a separate motion to dismiss, which seeks to dismiss all the claims against it. VRI's Mot. to Dismiss, ECF No. 20. According to VRI, Ms. Kazazian does not assert a claim against it, because she does not allege that VRI was her employer or a plan administrator of her employee benefits plan. *Id.* To support its arguments, VRI attaches declarations of TVC employees. ECF Nos. 20-1, 20-3. Ms. Kazazian responds by arguing that I may not consider these declarations at the motion to dismiss stage. Resp. to VRI's Mot. to Dismiss 2–3, ECF No. 35. Additionally, Ms. Kazazian states that it would be premature to consider VRI's motion as one for summary judgment. *Id.* at 4–7. VRI filed its reply brief on April 30, 2018. Reply in Supp. of VRI's Mot. to Dismiss, ECF No. 43.

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## **ANALYSIS**

I first address TVC's Motion to Dismiss. I grant TVC's motion; however, I permit Ms. Kazazian leave to correct certain pleading deficiencies through an amended complaint. I then grant VRI's motion, but I similarly permit Ms. Kazazian to file an amended complaint.

6

**I.     TVC's Motion to Dismiss**

TVC seeks dismissal only of Ms. Kazazian's second cause of action for violations of the FLSA and the CMWA.  Ms. Kazazian bases her claim on TVC's failure to pay her the minimum wage, and separately, TVC's payment of a wage that is inadequate to supply the necessary cost of living.  Am. Compl. ¶¶ 52–54, ECF No. 53.  I separately address Ms. Kazazian's alleged violations.

  A.     Violation of Colo. Rev. Stat. § 8-6-104

Colo. Rev. Stat. § 8-6-104 states, "It is unlawful to employ workers in any occupation within the state of Colorado for wages which are inadequate to supply the necessary cost of living and to maintain the health of the workers so employed."  Ms. Kazazian alleges that TVC violated this provision by paying inadequate wages and providing insufficient benefits.  Am. Compl. ¶¶ 53–55.

To the extent Ms. Kazazian claims that TVC violated Section 8-6-104, notwithstanding that her pay rate complied with the minimum wage, I find that she fails to state a claim.  Although Section 8-6-104 provides that it is unlawful to employ workers at an inadequate wage, Colorado courts have interpreted this provision as merely a "broad general statement of policy" establishing the necessity of a minimum wage, not as one creating a private right of action actions employers. *See Corbin v. Sinclair Mktg., Inc.*, 684 P.2d 265, 267 (Colo. App. 1984).

Additionally, the statutory sections surrounding Section 8-6-104 indicate that the director of the division of labor standards and statistics, not the courts, has the responsibility to determine what constitutes an inadequate wage.  Section 8-6-106 provides, "The director shall determine the . . . minimum wages sufficient for living wages; . . . standards of conditions of labor and hours of employment not detrimental to health or morals for workers; and what are unreasonably long hours."  Colo. Rev. Stat. § 8-6-106  (West 2018).  Moreover, Section 8-6-109 states:

> If after investigation the director is of the opinion that the conditions of employment surrounding said employees are detrimental to the health or morals or that a substantial number of workers in any occupation are receiving wages, whether by time rate or piece rate, inadequate to supply the necessary costs of living and to maintain the workers in health, the director shall proceed to establish minimum wage rates . . . .

Colo. Rev. Stat. § 8-6-109 (West 2018). Because "[a] statute should be interpreted as a whole, giving effect to all its parts," these sections further support a finding that the director has the sole responsibility to determine what constitutes a wage inadequate to supply the necessary cost of living. *Bd. of Cty. Comm'rs of Cty. of Rio Blanco v. ExxonMobil Oil Corp.*, 192 P.3d 582, 585 (Colo. App. 2008). Moreover, case law discussing Section 8-6-104 supports this interpretation. *See Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1238 (D. Colo. 2015) ("The Colorado 'Minimum Wages of Workers Act' charges the Director of the Colorado Division of Labor with the determination of 'adequate' minimum wages for workers in covered industries . . . ." (citing Colo. Rev. Stat. § 8-6-104)).

In addition to the text of these sections, the title of the statutory article—Minimum Wage of Workers—supports a finding that the entire article is intended to create a mechanism by which the director may establish a uniform minimum wage. Although this title is not part of the law, it is relevant in determining the General Assembly's intent. *See Johnston v. C.I.R.*, 114 F.3d 145, 150 (10th Cir. 1997) ("[U]nder the general rules of statutory interpretation, the title to a statutory provision is not part of the law itself, although it can be used to interpret an ambiguous statute." (quoting *United States v. Glover*, 52 F.3d 283, 286 (10th Cir. 1995))).

Furthermore, accepting Ms. Kazazian's interpretation would require employers to ascertain an adequate wage rate for each and every employee based on numerous factors, such as the employees' health needs and the cost of living. I do not find any indication in the statute or

8

legislative history that the General Assembly intended to require employers to make such detailed determinations for each employee. Because courts are to "presume the General Assembly intended just and reasonable results," *McDonnell v. The Colo. Real Estate Comm'n*, 361 P.3d 1138, 1143 (Colo. App. 2015), I decline to adopt Ms. Kazazian's interpretation.

Finally, not only does Ms. Kazazian fail to provide any Colorado case supporting her interpretation, she does not provide any other state or federal case allowing an employee to claim that her wage was unlawful even though it complied with the minimum wage. I decline to create such a pronouncement of law, particularly when it is not supported by the statute at issue. Accordingly, I dismiss Ms. Kazazian's CMWA cause of action to the extent Ms. Kazazian asserts that TVC paid her an inadequate wage that was greater than the minimum wage.

B.     Failure to Pay the Minimum Wage

Ms. Kazazian also alleges that "Defendant failed to pay the Plaintiff [the] minimum wage for all hours worked by the Plaintiff during one or more workweeks." Am. Compl. ¶ 51. TVC contends this allegation, which is Ms. Kazazian's only allegation regarding the minimum wage, is insufficient to plausibly state an FLSA or CMWA violation. TVC's Mot. to Dismiss 3–4, ECF No. 19. I agree.

To survive a motion to dismiss, a plaintiff asserting an FLSA claim must allege that she was not paid overtime or the minimum wage in a given workweek. *See Elhelbawy v. Pritzker*, 663 F. App'x 658, 663 (10th Cir. 2016) (unpublished) (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014)). Although this does not require employees to plead detailed dates and times for which they were underpaid, *Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016), employees must assert more than merely conclusory allegations; they must

9

"draw on their own 'memory and experience' to . . . recall basic facts about [their] own work experience." *Martinez v. Xclusive Mgmt., LLC*, No. 15-cv-00047-MSK-MEH, 2015 WL 12734809, at *6 (D. Colo. Aug. 12, 2015) (alterations in original) (quoting *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (dismissing the plaintiffs' FLSA overtime claims, because the plaintiffs did not "identify a given workweek during which they worked more than 40 hours but were not properly compensated."). In other words, a plaintiff must provide a general estimate of the hours for which she was not paid an adequate wage. *Id.*

I find that Ms. Kazazian fails to meet this burden. Ms. Kazazian does not allege any day or workweek in which TVC paid her less than the required minimum wage. In fact, none of the allegations in the facts section relate to TVC's failure to pay a minimum wage. The only assertion relevant to Ms. Kazazian's claim is in paragraph fifty-one, and this allegation merely states the statutory standard—that TVC failed to pay her the required minimum wage "during one or more workweeks." Am. Compl. ¶ 51; 29 U.S.C. § 206 (2016). Such allegation is insufficient to state a claim under the FLSA and CMWA. *See Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (finding that the plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for that time," was insufficient to state a claim, because it "is little more than a paraphrase of the statute"). Accordingly, I dismiss Ms. Kazazian's second claim for relief.

C. Leave to Amend

In her response brief, Ms. Kazazian requests an opportunity to file an amended complaint to cure any deficiencies in the operative pleading. Resp. to TVC's Mot. to Dismiss 5–6. Due to Federal Rule of Civil Procedure 15's mandate to freely give leave when justice so requires, courts regularly permit plaintiffs to amend their complaints in FLSA cases. *Smith v. Pizza Hut, Inc.*, 694

F. Supp. 2d 1227, 1230–31 (D. Colo. 2010) (dismissing an FLSA claim under Rule 12(b)(6), but permitting amendment of the complaint to cure the defective allegations); *Martinez*, 2015 WL 12734809, at *8 (same). I agree with the findings in these cases, and I grant Ms. Kazazian leave to file an amended complaint to cure the deficiencies underlying her minimum wage claim. However, because I dismissed Ms. Kazazian's claim for inadequate wages under Colo. Rev. Stat. § 8-6-104 as a matter of law, Ms. Kazazian is unable to assert factual allegations that would cure this claim. Accordingly, if Ms. Kazazian chooses to file an amended complaint, the allegations related to her second cause of action shall pertain only to her claim for failure to pay the minimum wage.

## II. VRI's Motion to Dismiss

VRI separately seeks dismissal of Ms. Kazazian's claims in their entirety. VRI's Mot. to Dismiss, ECF No. 20. According to VRI, Ms. Kazazian fails to allege that it was her employer and that it was the administrator of her employee benefits plan. *Id.* I agree that Ms. Kazazian fails to state a claim against VRI. However, I grant Ms. Kazazian leave to correct these deficiencies through an amended complaint.

### A. VRI's Employer Status Under the ADA, ADEA, and Title VII

The parties agree that VRI is liable under the ADA, ADEA, and Title VII only if it was Ms. Kazazian's employer. VRI's Mot. to Dismiss 3–5; Resp. to VRI's Mot. to Dismiss 5, ECF No. 35. I find that Ms. Kazazian fails to allege VRI was her employer.

Courts generally apply two separate tests to determine whether more than one entity may be considered a plaintiff's employer under the ADA, ADEA, and Title VII. *Bristol v. Bd. of Cty. Comm'rs of Cty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002); *Cink v. Grant County*, 635 F. App'x 470, 472 n.4 (10th Cir. 2015) (unpublished) (stating that "[t]here are no material

differences in [the ADA, ADEA, and Title VII] for" purposes of determining "employer status"). First, "the joint-employer test acknowledges that the two entities are separate, but looks to whether they co-determine the essential terms and conditions of employment." *Bristol*, 312 F.3d at 1218. To determine whether two entities co-determine conditions of employment, "courts look to whether both entities 'exercise significant control over the same employees.'" *Id.* at 1219 (quoting *Graves v. Lowery*, 117 F.3d 723, 727–28 (3d Cir. 1997)). In contrast, the "single-employer test asks whether two nominally separate entities should in fact be treated as an integrated enterprise." *Id.* Factors relevant to this analysis include: "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Id.* at 1220 (quoting *EEOC v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 571 (6th Cir. 1984)). "Courts generally consider the third factor—centralized control of labor relations—to be the most important." *Id.* Thus, under both tests, the level of control the entities exercise is the guiding factor.

I find that Ms. Kazazian fails to state a claim against VRI, because she does not plead facts demonstrating that VRI exercised any control over her employment. *See L'Ggrke v. Asset Plus Corp.*, No. 12-CV-596-JED-TLW, 2013 WL 3973330, at *5 (N.D. Okla. July 31, 2013) ("A plaintiff is required to plead facts which demonstrate the existence of a joint employment relationship based upon the totality of the working relationship between the parties alleged to be joint employers." (citing *Konah v. District of Columbia*, 815 F. Supp. 2d 61, 71 (D.D.C. 2011))). Specifically, Ms. Kazazian does not allege that employees of VRI hired her, fired her, trained her, or played any other role in her employment. In fact, VRI is not specifically mentioned in the Amended Complaint after the initial allegation introducing VRI for jurisdictional purposes. Am. Compl. ¶ 9, ECF No. 53.

To be sure, Ms. Kazazian alleges throughout her Amended Complaint that "Defendants" took

certain actions related to her employment. *See, e.g.*, *id.* ¶ 24 ("Defendants notified Plaintiff that she would not be rehired as full-time ski instructor for the 2015–2016 season."). However, Ms. Kazazian makes many of the same allegations against a singular "Defendant." *See, e.g.*, *id.* ¶ 45 ("Defendant reduced Plaintiff's hours and pay, and then made Plaintiff ineligible for rehire . . . ."). Furthermore, merely referring to VRI collectively with TVC is insufficient to plausibly assert that both companies were Ms. Kazazian's employer. In *Solis v. Circle Group, LLC*, the court found the plaintiffs' allegations sufficient to allege the defendants were the plaintiffs' joint employers. No. 16-cv-01329-RBJ, 2017 WL 1246487, at *2 (D. Colo. Apr. 5, 2017). However, the plaintiffs in that case alleged that specific employees of each company hired, fired, and supervised them. *Id.* Here, in contrast, Ms. Kazazian alleges generally that either "Defendants" or a single "Defendant" made decisions related to her employment. I find this insufficient to put VRI on notice of why it is Ms. Kazazian's employer.

In her response brief, Ms. Kazazian does not argue that her allegations sufficiently allege VRI was her employer. Instead, she asserts I should exclude the exhibits VRI attaches to its motion and delay ruling on summary judgment until after discovery. Resp. to VRI's Mot. to Dismiss 2–7. Ms. Kazazian's argument misses the mark. I need not consider the declarations VRI attaches to its motion to determine that Ms. Kazazian fails to allege a joint employment relationship. Without considering these exhibits—and without converting VRI's motion to one for summary judgment—I find Ms. Kazazian's allegations insufficient to state claims against VRI under the ADA, the ADEA, and Title VII.

### B. VRI's Employer Status Under the FLSA and CMWA

Similar to its arguments regarding Ms. Kazazian's ADA, ADEA, and Title VII claims, VRI

13

contends that Ms. Kazazian does not plead it was her employer under the FLSA and CMWA. VRI's Mot. to Dismiss 5–6. I agree.

Courts apply the economic reality test to determine whether an entity is an employer under the FLSA. *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). Under this test, courts analyze:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Id.* The test is "based on the totality of the circumstances, and no one factor in isolation is dispositive." *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 570 (10th Cir. 1994). A plaintiff is required to plead facts plausibly suggesting that these six elements are met. *See Saavedra v. Lowe's Home Centers, Inc.*, 748 F. Supp. 2d 1273, 1277 (D.N.M. 2010) ("Because the [p]laintiffs do not plead facts regarding [one of the plaintiffs'] employment relationship with [one of the defendants], the Court will dismiss his FMLA claim against [that defendant]."); *see also Does v. Rodriguez*, No. 06-cv-00805-LTB, 2007 WL 684117, at *4–5 (D. Colo. Mar. 2, 2007) (analyzing whether the plaintiffs sufficiently alleged an employment relationship under the FLSA).

Here, Ms. Kazazian does not plead facts supporting any of the elements of the economic reality test as to VRI. As I stated with regard to the ADA, ADEA, and Title VII claims, Ms. Kazazian does not allege that VRI exercised control over her employment. Furthermore, she does not provide any allegations regarding her investment in VRI or that she had a working relationship with VRI employees. Accordingly, the Amended Complaint does not put VRI on notice that it was Ms. Kazazian's employer for purposes of the FLSA.

Similarly, I find that Ms. Kazazian fails to plead facts supporting an employment relationship between her and VRI under the CMWA. Courts analyzing whether an entity is an employer under the CMWA and the Colorado Wage Claim Act typically analyze the level of control the entity exercises over the employee. *See Coldwell v. Ritecorp. Envtl. Prop. Sols.*, No. 16-cv-01998-NYW, 2017 WL 1737715, at *10 (D. Colo. May 4, 2017); *Solis*, 2017 WL 1246487, at *2. As I held with regard to Ms. Kazazian's discrimination claim, the Amended Complaint contains no allegations plausibly indicating that VRI exercised control over Ms. Kazazian's employment. Accordingly, Ms. Kazazian fails to state a CMWA claim against VRI.

C. <u>VRI's Status as a Plan Administrator Under ERISA</u>

Lastly, VRI contends that Ms. Kazazian fails to allege it was the plan administrator of her employee benefits plan, which is necessary to establish an ERISA claim. VRI's Mot. to Dismiss 7. Ms. Kazazian agrees that ERISA permits a cause of action only against the employee benefits plan as an entity or the plan administrator—i.e., "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A) (2014); Resp. to VRI's Mot. to Dismiss 7. However, Ms. Kazazian contends it would be premature to dismiss her claim, because "the factual realities driving these determinations are presently unavailable to Plaintiff." Resp to VRI's Mot. to Dismiss 7. According to Ms. Kazazian, as of the time she filed her response brief, Defendants had not yet produced the ERISA documents, which provide the name of the plan administrator. *Id.* at 5.

I find that Ms. Kazazian does not allege VRI was the plan administrator.[4] In fact, Ms.

---

[4] Although VRI attaches a document titled, "Summary Plan Description" to its reply brief, I may not consider this document at the motion to dismiss stage, because Ms. Kazazian does not specifically reference it in the operative Amended Complaint.

Kazazian alleges only that "Defendant is the Plan Sponsor, Fiduciary, Administrator, and Employer." Am. Compl. ¶ 63. Because Ms. Kazazian does not clarify which Defendant is the plan administrator, I find that this allegation does not put VRI on notice of the claim against it. As such, dismissal of this claim as to VRI is appropriate. *See generally Eberhart v. Blue Cross & Blue Shield of Kan.*, No. 12-4151-JAR-JPO, 2013 WL 590574, at *2 (D. Kan. Feb. 14, 2013) (dismissing an ERISA claim, because "[w]hile [p]laintiff alleges that [the defendant] is a plan sponsor, she does not allege that it is a plan administrator").

### D. Leave to Amend

As stated above, Rule 15 requires that courts freely give leave to amend when justice so requires. Fed. R. Civ. P. 15. Furthermore, courts regularly grant leave to amend to allow a plaintiff to cure deficiencies in her complaint. *See, e.g.*, *Martinez v. Xclusive Mgmt., LLC*, No. 15-cv-00047-MSK-MEH, 2015 WL 12734809, at *6 (D. Colo. Aug. 12, 2015).

I find it proper to permit Ms. Kazazian to amend her allegations against VRI. Regarding her discrimination, FLSA, and CMWA claims, Ms. Kazazian states in her response brief that she has evidence relevant to VRI's control over and participation in her employment. Resp. to VRI's Mot. to Dismiss 6. Furthermore, Ms. Kazazian claims that she expected to receive her employee benefit plan documents from defense counsel shortly after her response brief was due. *Id.* at 4–5. Accordingly, Ms. Kazazian will now be able to ascertain whether an ERISA claim against VRI is appropriate. Therefore, if after reviewing the relevant legal authority Ms. Kazazian has a good faith basis to assert a claim against VRI, she may file an amended complaint including VRI on or before June 15, 2018.

## CONCLUSION

Regarding TVC's motion, Ms. Kazazian fails to state a claim under the FLSA and CMWA. Specifically, Colo. Rev. Stat. § 8-6-104 does not create a private cause of action against employers for failure to pay adequate wages in excess of the minimum wage. Additionally, Ms. Kazazian does not sufficiently allege that TVC failed to pay her the required minimum wage. Accordingly, TVC's Motion to Dismiss Plaintiff's Second Claim for Relief [filed March 6, 2018; ECF No. 19] is **granted**.

As for VRI's motion, I find that Ms. Kazazian does not allege facts plausibly establishing that VRI was her employer under the ADA, ADEA, Title VII, FLSA, or CMWA. Additionally, Ms. Kazazian does not adequately allege that VRI was her employee benefits plan administrator under ERISA. Accordingly, VRI's Motion to Dismiss [filed March 6, 2018; ECF No. 20] is **granted**.

However, I find it proper to grant Ms. Kazazian leave to file an amended complaint on or before June 15, 2018. If Ms. Kazazian is able to assert factual allegations supporting her FLSA and CMWA minimum wage claim, she may include such allegations in an amended complaint. Additionally, Ms. Kazazian may reassert some or all of her claims against VRI if she has a good faith basis to allege facts curing the deficiencies underlying such claims. The Court reminds Ms. Kazazian of the need to comply fully with D.C. Colo. LCivR 15.1(a), which requires parties to file as an exhibit a copy of the amended pleading which strikes through the text to be deleted and underlines the text to be added.

Entered and dated at Denver, Colorado, this 31st day of May, 2018.

        BY THE COURT:

        */s/ Michael E. Hegarty*

        Michael E. Hegarty
        United States Magistrate Judge